*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ*                                                                                              *(609) 858-9351*

April 29, 2013

Bunce D. Atkinson, Esquire
Atkinson & DeBartolo
2 Bridge Avenue, PO Box 8415
Building 2, 3rd Floor
Red Bank, New Jersey 07701

Gary E. Fox, Esquire
Fox & Melofchik, L.L.C.
1001 Deal Road
Ocean, New Jersey 07712

             Re: Andrew Herchakowski
                Case No. 10-49287

                Geoffrey and Amy Lloyd vs.
                Andrew Joseph Herchakowski
                Adversary No. 11-1679

Dear Counsel:

  On February 19, 2013, the court issued an opinion denying the debtor a discharge under 11 U.S.C. § 727(a)(4) ("February 19 opinion"). In a letter dated February 28, 2013, counsel for the Lloyds requested that the court supplement the February 19 opinion by determining damages and ruling on the fraud and breach of contract allegations. Mr. Herchakowski's counsel did not object to the request. After a review of the record, the court concludes that the interest of judicial economy compels the court to supplement the February 19 opinion.

When the court issued the February 19 opinion, it understood that summary judgment regarding liability and damages had been entered in the state court. In April 2011, the bankruptcy court had granted the Lloyds relief from the automatic stay to permit them to continue their state court litigation against Mr. Herchakowski. The Lloyds' counsel represented to the bankruptcy court that the state court had granted an unopposed motion for summary judgment and all that remained was the administrative act of entering the order, which had been stayed by the bankruptcy filing. The certification in support of the stay motion stated that evidence had been presented in the state court litigation regarding damages, including checks totaling more than $180,000.[1] The bankruptcy court granted stay relief based on the assumption the state court summary judgment order would include a finding of damages. At the time stay relief was granted, no adversary proceeding was pending in the bankruptcy court, so there was no forum in which the bankruptcy court could determine damages. The state court order granting partial summary judgment was entered on May 29, 2012, a bit more than a year after this court granted relief from the stay.

This court first saw the May 29, 2012 summary judgment order[2] when it was attached to Mr. Atkinson's February 28, 2013 letter asking this court to supplement the February 19 opinion.[3] The Lloyds neglected to amend their Complaint once the summary judgment order

---

[1] Certification in Support of Notice of Motion for Relief from the Automatic Stay to Enable Judgment to be Entered at ¶ 6 [10-49287 Doc #9]

[2] The order provides that "The ascertainable damages, if any, for the violation of the Consumer Fraud Act shall be determined as part of the trial in the United States Bankruptcy Court." *May 29, 2012 Order for Partial Summary Judgment* at ¶ 3

[3] The parties Joint Stipulation of Undisputed Facts, filed on May 23, 2012, states that "A Consent Order for Partial Summary Judgment was placed upon the record and entered in the Superior Court of New Jersey against Herchakowski for consumer fraud [sic] that he violated the Consumer Fraud Act, having violated regulations adopted concerning the Consumer Fraud Act." ¶ 34. The order itself was not attached. There is also a reference to a determination of damages

was entered or to provide a copy of the summary judgment order to the bankruptcy court. The Complaint was filed prior to the entry of the summary judgment order, so it obviously does not refer to the summary judgment order or seek an application of any findings in the state court litigation under principals of res judicata or collateral estoppel.

The caption of this Complaint is "Complaint to have debts declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6) and to deny the debtor a discharge pursuant to 11 U.S.C. § 727(a)(4)". The Complaint does not contain any separate counts based on the Consumer Fraud Act or breach of contract, those allegations are all subsumed within the § 523 and § 727 counts; therefore, the court did not rule on Counts One through Four after ruling in the Lloyds favor on the § 727 count. Because the summary judgment order was not timely provided to the bankruptcy court, the court is now placed in the difficult position of recasting this nondischargeability complaint as one for fraud and breach of contract. Nonetheless, justice would not be served by sending this matter back to the state court after a full trial was conducted in the bankruptcy court. Federal Rule of Bankruptcy Procedure 7015, which incorporates Federal Rule of Civil Procedure 15, gives the court some flexibility to amend pleadings after trial to conform to the evidence presented.[4] The parties to this adversary proceeding consensually presented evidence regarding fraud and breach of contract during the trial; therefore, the court will proceed as if those matters had been properly pled in the Complaint.

The Lloyds assert that Mr. Herchakowski violated the New Jersey Consumer Fraud Act ("CFA") by: 1) failing to "adequately describe the work to be performed and the principal

---

in the Lloyds' trial brief, but once again it fails to inform the bankruptcy court of the precise language of the state court's summary judgment order.

[4] Fed. R. Civ. P. 15(b)(2)

products to be used"; 2) "failing to set forth the hourly rate for labor and all other terms and conditions of the contract affecting the price"; and 3) "failing to identify the time period within which work was to begin and be completed". The record at trial does not support a finding that the Lloyds suffered any damages as a result of those technical violations of the CFA.

To prevail on a private cause of action under the CFA, the plaintiff must prove an ascertainable loss.[5] The damages portion of the CFA provides that:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor [e] in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.

Courts interpreting New Jersey's CFA have consistently held that there must be a causal connection between the violation alleged and the damages claimed.[6] At trial, the Lloyds were unable to establish, for example, that Mr. Herchakowski's failure to inform them of the hourly rate for his laborers resulted in the project not being completed to their satisfaction. At best, the Lloyds were able to establish that job was not completed and that there were unfulfilled promises, but not that the regulatory violations in the formation of the written contract was the proximate cause of their damages. Accordingly, the court will award zero damages for the violations of the CFA.[7]

---

[5] *See, e.g.,* Weinberg v. Sprint Corp., 173 N.J. 233 (2002); Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464 (1988) (ascertainable loss must be a result of the unlawful conduct)

[6] Pron v. Carlton Pools, Inc., 373 N.J. Super. 103 (App. Div. 2004)

[7] The state court ruled that the "ascertainable damages, **if any**, for the violation of the Consumer Fraud Act shall be determined as part of the trial in the United States Bankruptcy Court." *May 29, 2012 Order for Partial Summary Judgment* at ¶ 3 (emphasis added)

When a court finds no ascertainable loss attributable to a violation of the CFA, the plaintiff is not entitled to recover attorneys' fees.[8] Even if the court could award attorneys' fees under the CFA[9], the amount of such an award is discretionary. The court chooses not to award fees in this case because the conduct did not involve the type of activity that the CFA was designed to combat.[10]

The court will next consider whether the evidence supports a finding that Mr. Herchakowski committed common law fraud. To sustain a cause of action for common law fraud a plaintiff must establish: (1) a material misrepresentation of a past or present fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.[11] All five elements must be proven to sustain a claim.[12] Here, the Lloyds have not met their burden of establishing intent.

The Lloyds asserted a variety of possible false representations by Mr. Herchakowski including his qualifications as an architect; the estimated time to complete the project; and that he would use only experienced subcontractors. Even if the court were to accept that those were false representations, the record does not support a finding that Mr. Herchakowski intended that the Lloyds rely on those statements to their detriment. At trial, Mr. Herchakowski presented as an earnest person who had every intention of completing this project, and would have completed it but for the disagreements that centered around the mold issue. The Lloyds failed to elicit any evidence, either direct or indirect, that would support the conclusion that Mr. Herchakowski

---

[8] Pron at 113
[9] See, Perez v. Professionally Green, 2011 WL 4834843 (N.J. Sup. Ct. App. Div. 2011)
[10] The state court denied the request for attorney fees without prejudice. *May 29, 2012 Order for Partial Summary Judgment* at ¶ 2
[11] Kaufman v. i-Stat Corp., 165 N.J. 94 (2000)
[12] Banco Popular North America v. Gandi, 184 N.J. 161 (2005)

5

intended for the Lloyds to rely on statements he knew to be false. Since the Lloyds did not establish all five elements to support a fraud claim, the court will deny judgment on that cause of action.

Finally, the court will consider whether the evidence supports a finding of breach of contract. Under New Jersey law, to prevail on a breach of contract claim the movant must prove the following elements: (1) a valid contract existed; (2) defendant breached the contract; (3) plaintiff performed its obligations under the contract; and (4) plaintiff was damaged as a result of the breach.[13] A party bringing a claim for breach of contract has the burden of proof to establish all elements of its cause of action, including damages.[14] To prove resulting damages, a plaintiff must prove that he suffered a quantifiable loss that was "the natural and probable consequence" of the defendant's breach.[15] The New Jersey Supreme Court has interpreted this standard to require proof that the plaintiff's alleged damages were "a reasonably certain consequence of the breach" at the time the parties contracted.[16]

The parties do not appear to dispute that there was a valid contract. Based on both the two-page written proposal dated June 1, 2007, and the parties subsequent actions, the court can easily find that the parties had a binding agreement for Mr. Herchakowski to remodel the Lloyd's home. The court can just as easily find that Mr. Herchakowski breached that agreement. The record is full of examples of Mr. Herchakowski's default under the agreement. One example is that the proposal provided that a payment schedule would be submitted and followed, but Mr.

---

[13] Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 275 F. Supp. 2d 543 (D.N.J. 2003); see also, Coyle v. Englander's, 199 N.J. Super. 212, 223 (App. Div. 1985)

[14] Cumberland County Improvement Authority v. GSP Recycling Co., Inc., 358 N.J. Super. 484 (App. Div. 2003)

[15] Totaro, Duffy, Cannova and Co., L.L.C. v. Lane, Middleton & Co., L.L.C., 191 N.J. 1 (2007)

[16] Id.

Herchakowski admitted at trial that he did not do that. The most significant breach of the parties' agreement is the simple fact that Mr. Herchakowski agreed to complete the Lloyds project for approximately $200,000 (with a possibility of a 20% cost overrun) but he did not deliver a completed project. At the time Mr. Herchakowski ceased working on the project in the Spring of 2008, the Lloyds had paid him nearly the full agreed upon price but less than half of the work had been completed. A significant amount of work remained to be completed on the project including: obtaining approvals of the rough plumbing, electrical, and framing; siding; interior painting; installation of sheetrock and hardwood floors; and finished plumbing and electrical work. Since price is an essential contract term,[17] a failure to come even close to completing the project for the contract price can constitute a breach. The next element in a breach of contract claim is whether the plaintiff performed its obligations under the contract. The court finds that element is satisfied because the Lloyds performed their obligation of paying Mr. Herchakowski the amounts he requested up until the time they terminated his services. Finally, the court finds that the Lloyds were damaged as a result of the breach of contract. The court also finds that the costs to complete the renovation project were a "reasonably certain consequence of the breach".[18] Accordingly, the court will use the costs to complete the project as the measure of damages.[19]

### Conclusion

The court will award the Lloyds damages in the amount of $235,108.00 representing the cost to complete the job after Mr. Herchakowski's services were terminated and the repair costs to items that were improperly installed. The court declines to award treble damages or attorneys'

---

[17] Pokhan v. Peters, 2011 WL 920396 (App. Div. March 18, 2011), *citing*, Associates Discount Corp. v. Palmer, 47 N.J. 183 (1966)
[18] Id.
[19] Ex. P57 – P67

fees based on the finding that there was no ascertainable loss due to violations of the CFA. This award is not subject to discharge in Mr. Herchakowski's bankruptcy based on § 727(a)(4). The court will enter an order in accordance with this opinion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge